## Martin et ux. v. James et ux.

*Equity—Jurisdiction—Raising question in limine—Demurrer—Easement —Right of way—Grant.*

1. If technical words are used in a bill in equity, they are to be taken in a technical sense, unless a different intention appears from the context.

2. Where, on a bill in equity to enjoin interference with an easement of the right of way, it is averred in the bill that the easement was granted, the court, on demurrer, will construe the word "grant" as meaning a transfer in writing.

3. In such a case the defendant cannot, by demurring, challenge the verity of the fact of a grant.

4. If defendant demurs to the jurisdiction, and his demurrer is overruled and he is allowed to answer, he cannot in his answer again challenge the jurisdiction of the court, because he has already raised that question *in limine* and has had as to that his day in court.

Bill in equity for inquisition. Demurrer to the bill of complaint. C. P. Schuylkill Co., July T., 1922, No. 1.

*J. A. Noecker*, for plaintiff; *J. B. McGurl*, for defendant.

Koch, J., June 5, 1922.—The demurrer questions our jurisdiction upon the ground that the plaintiff has an adequate remedy at law and that the plaintiff should have sued at law.

In the bill of complaint we find it alleged that John and Kate Maloy in 1907 owned a lot thirty feet wide and ninety feet deep at the northwest corner of New Castle and Water Streets, in the Borough of Minersville, and in that year conveyed the inner half of said lot to Mary Hancock; that is, fifteen feet in front on New Castle Street and ninety feet deep. After Mary Hancock

bought the inner half of said lot, she and the Maloys erected "a double three-story frame dwelling-house on said two lots of ground, the one being erected upon the fifteen feet of ground on the corner of said New Castle and Water Streets on that portion of the lot belonging to said Kate Maloy and John Maloy, her husband, and the other half of said dwelling being erected upon that portion of the lot owned by the said Mary Hancock." The plaintiffs now own the inner fifteen feet and the defendants own the other fifteen feet of said original lot.

We will quote averments from the bill of complaint as follows:

"6. That by agreement between the said John Maloy and Kate Maloy, of the one part, and the said Mary Hancock, of the other part, the said Kate Maloy and John Maloy, her husband, granted an easement or right of way to the said Mary Hancock from said Water Street to the rear part of her residence immediately to the rear of the residence of the said Kate Maloy and John Maloy, her husband; that the said right of way consisted of a concrete walk across the property of the said Kate Maloy and John Maloy, her husband, and the property of the said Mary Hancock, which walk was built jointly by the parties and a gate was placed at the entrance on said Water Street.

"7. That the said John Maloy and Kate Maloy and the said Mary Hancock, at the time of the erection and construction of said double dwelling-house, erected and constructed a common drain and sewer pipe for both houses for the purpose of draining the water from the lots of the said parties as well as the waste water from the residences of the said parties. That the said drain and sewer pipe are located on the property now owned by the said James M. James and Jennie M. James, his wife, and the property formerly owned by the said Kate Maloy and John Maloy, her husband.

"11. That the right of way hereinbefore referred to and the drains and waste pipes over the property of the said John Maloy and Kate Maloy were open and visible at the time the said James M. James and Jennie M. James, his wife, purchased said property.

"12. That the said John Maloy and Kate Maloy, before and at the time of sale, notified the said James M. James and Jennie M. James, his wife, that the said Mary Hancock, her heirs and assigns, had a right of way over the property of the said John Maloy and Kate Maloy about to be purchased by the said James M. James and Jennie M. James, his wife, and that the drains and waste pipes were common drains and pipes erected and constructed jointly and for the use of both properties, and that the said James M. James and Jennie M. James, his wife, agreed to purchase said property from John Maloy and Kate Maloy, his wife, and further agreed that the side entrance and right of way to the rear of said properties should continue to be used by the said Mary Hancock, her heirs and assigns, and that the waste and drain pipes should likewise continue and be used for the benefit of the said Mary Hancock, her heirs and assigns, as the same were originally intended.

"13. That the said James M. James and Jennie M. James, his wife, have nailed the gate shut along their property on Water Street, and are preventing your orators from using the said right of way as hereinbefore described; that they have notified your orators that they will erect and construct a fence across the said right of way, so as to prevent your orators from using the same.

"14. That they have further threatened to block the drain and sewer pipes hereinbefore described, which pipes were erected and constructed for the common use of both properties.

2 D. & C.

"15. That if the respondents are allowed to obstruct said right of way with a fence and to block said drain pipes as aforesaid, your orators will suffer great and irreparable wrong and injury."

The complainants also aver that they have no adequate remedy at law and are in need of equitable relief.

"When a bill in equity has been filed in any court of this Commonwealth, if the defendant desires to question the jurisdiction of the court upon the ground that the suit should have been brought at law, he must do so by demurrer or answer, explicitly so stating, or praying the court to award an issue or issues to try questions of fact; otherwise, the right of trial by jury shall be deemed to have been waived by both parties, and the case shall proceed to a final determination by said court and, upon appeal, with the same effect as if upon a hearing before the court without a jury, upon agreement filed: Provided, that this shall not alter or affect the duty of the chancellor to dismiss the bill if the facts therein averred as showing, or tending to show, the right to relief be not substantially proved at the trial:" Act of June 7, 1907, P. L. 431.

The demurrer impliedly admits all the averments in the bill of complaint, excepting that the complainants have no adequate remedy at law and that they are in need of equitable relief. The bill does not say whether the agreement granting the "easement or right of way" was made verbally or in writing. If it was made in writing, a copy of the agreement might have been attached as an exhibit to the bill of complaint or a proper reference made to the place of its recordation. According to the meaning of the word "granted," which is a technical word, the grant was in writing. "Grant" means "a transfer by deed of that which cannot be passed by livery:" 1 Bouvier's Law Dictionary. If technical words are used, they are to be taken in a technical sense, unless a contrary intention appear, in either case, from the context. If the verity of facts averred in a bill of complaint is to be challenged, it cannot be challenged by filing a demurrer to the bill; it must be done by specific denials in the answer to the bill of complaint, and then in such answer the defendant must follow his denials of fact by explicitly stating that the suit should have been brought at law, or he must pray the court to award issues to try the facts; otherwise, the right of trial by jury will be deemed to have been waived.

When we examine only the averments in the bill, we find that the plaintiffs are entitled to equitable relief, and, therefore, the demurrer must be overruled, for if the case were certified to the Court of Common Pleas for trial by a jury and the jury found the facts as averred in the bill of complaint, and the defendants still persisted in their wrongdoing, the plaintiff would be entitled to file a bill in equity, because the plaintiff's rights had become established in a court of law. But for the purpose of deciding the question now before us, the plaintiff's rights need not be established in a court of law, as they are admitted by the demurrer. The demurrer must, therefore, be overruled. But the overruling of the demurrer does not conclude the defendants finally as to the facts averred in the bill. The defendants may file their answer and deny any or all the facts in the bill, but they cannot thereby again raise the question of jurisdiction, because they have had their day in court on that question, and, after they have filed their answer, the case must proceed to a final determination in our court of equity.

The demurrer is overruled and the defendants are allowed fifteen days within which to file their answer. From M. M. Burke, Shenandoah, Pa.